IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| BRADLEY GARRISON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. JKB-21-2125 |
| ELIZABETH J. CASE, ESQ, *Magistrate*, WAYNE A. ROBEY, *Clerk* | * | |
| HON. LARA C. WEATHERSBY, ESQ., *Magistrate*, | * | |
| HON. WILLIAM V. TUCKER, ESQ., *Magistrate*, | * | |
| TABASSUM GARRISON, GREGORY YANCEY, ESQ. | * | |
| | * | |
| Defendants. | | |

***

## MEMORANDUM OPINION

Bradley Garrison filed the above-captioned civil rights Complaint together with a Motion for Leave to Proceed In Forma Pauperis (ECF Nos. 1, 2) in the United States District Court for the Eastern District of Virginia. Because all of the parties reside in Maryland the matters complained of occurred in Maryland, that court transferred the case to this Court. ECF No. 5.

Garrison alleges that Defendants violated his rights to due process under the 5th and 14th Amendments. ECF No. 1, p. 8. His Complaint arises in relation to child custody proceedings in the Circuit Court for Howard County, Maryland. Garrison alleges that his ex-wife Tabassum Garrison committed fraud on the court by submitting defective filings and her attorney Gregory Yancey committed fraud on the court when he told Garrison that he was withdrawing an issue regarding payment of the mortgage but did not follow through. *Id.* Additionally, Garrison alleges that Magistrate Judge Elizabeth Case did not allow him to submit evidence during a contempt hearing and denied Garrison visitation with his minor daughter. *Id.* Garrison states that Clerk of

Court Wayne Robey changed Garrison's address to an address that does not exist and neglected to send him notification of orders, rulings and court proceedings. *Id.* Defendant Magistrate Judge Lara Weathersby referred a second contempt hearing to a judge because the complaining party sought jail time for Garrison. *Id.*, p. 9. Administrative Law Judge William Tucker issued an order for contempt and scheduled a hearing on a date that Garrison had advised the court he would be out of state traveling for work. *Id.* Garrison seeks injunctive relief that the case be remanded for a retrial. *Id.* He also seeks compensatory and punitive damages. *Id.*, p. 16.

Because Garrison appears indigent, his Motion to Proceed In Forma Pauperis is granted. But because this Court lacks jurisdiction over the claims, the Complaint must be dismissed.

Because Garrison proceeds in forma pauperis, this Court must review the Complaint, pursuant to 28 U.S.C. § 1915(a)(1), to ascertain whether any claims are frivolous, malicious, fail to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i),(ii) and (iii). The Court must dismiss any claim that falls within these enumerated categories.

Garrison also proceeds pro se, and so the Court accepts the facts as true and construes the claims generously. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). That said, the Court may not ignore a clear failure in the pleadings to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## A. Judicial Immunity

Many of the parties whom Garrison seeks to hold responsible are protected from liability for damages. *See Burns v. Reed*, 500 U.S. 478 (1991). This protection, known as the doctrine of judicial immunity, is designed to protect the judicial process. Accordingly, the inquiry conducted

by this Court centers on whether the Defendants' actions are closely associated with the judicial proceedings about which Garrison complains. *Id*. Garrison's entire complaint is suffused with his grievances regarding the handling of his state custody and visitation proceedings.

The doctrine of judicial immunity extends, of course, to judges. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits"). It shields them from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).

Moreover, "judges . . . are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction" and "are alleged to have been done maliciously or corruptly." *Stump*, 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly).

In *Pierson v. Ray*, 386 U.S. 547 (1967), the United States Supreme Court granted certiorari to consider whether a judge was liable for damages under 42 U.S.C. § 1983 for an unconstitutional conviction. In explaining its rationale for judicial immunity, the Court stated:

> Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction ... This immunity applies even when the judge is accused of acting maliciously and corruptly, and it "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences"... It is a judge's duty to decide all cases within his jurisdiction that are brought before him, including controversial cases that arouse the most

3

intense feelings in the litigants. His errors may be corrected on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption. Imposing such a burden on judges would contribute not to principled and fearless decision-making but to intimidation.

*Id.* at 553-54.

The bar of absolute judicial immunity may be overcome in two limited sets of circumstances: (1) "for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity;" or (2) "for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12 (citing *Forrester* at 227-29). A judge acts in a judicial capacity when the function is one "normally performed by a judge" and when the parties "dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362. The "relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself.'" *Mireles*, 502 U.S. at 12-13 (citing *Stump*, 435 U.S. at 362).

Courts thus look to an "act's relation to a general function normally performed by a judge" to determine whether the act was judicial. *Id.* at 13. Neither exception applies here. Garrison's claims against members of the Maryland State Judiciary stem from the fact that the named individual judges appear to have presided over aspects of his domestic relations case. Rulings on pending cases over which they had jurisdiction are precisely the type of judicial action covered by judicial immunity. Garrison provides no grounds to defeat the judicial immunity that applies to the Defendants' determinations made in his cases. Accordingly, Garrison's damages claims against Defendants Case, Weathersby and Tucker are dismissed.

**B. Quasi-Judicial Immunity**

Additionally, absolute quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994). This doctrine of absolute quasi-judicial immunity has been further adopted and extended to court support

4

personnel because of "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." *Kincaid v. Vail,* 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir. 1989)).

In determining the applicability of quasi-judicial immunity, courts consider three main criteria: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion Inc.*, 232 F.Supp.2d 585, 594 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel,* 177 F.3d 245, 249 (4th Cir. 1999)). Pursuant to *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987), "immunity is vitiated only when the judicial officer acts in the clear absence of jurisdiction." *Id.* (citing *Stump*, 435 U.S. 349). Garrison does not claim that employees of the court named acted in the absence of jurisdiction. Thus, Garrison's claim for damages against Defendant Robey is not cognizable.

**C. Lack of Subject Matter Jurisdiction**

As to Garrison's claims for injunctive relief, the claims against all Defendants must be dismissed because this Court lacks subject matter jurisdiction over those claims. District Courts are of limited jurisdiction, hearing cases or controversies as established by federal statute. Specifically, the Court retains jurisdiction (1) over civil actions that arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331; *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005) (federal question jurisdiction); or where parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C § 1332 (diversity jurisdiction); *Stouffer Corp. v. Breckenridge,* 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton,*

240 F.2d 424, 425-26 (4th Cir. 1957). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen'l Motors Acceptance Corp.*, 298 U.S. 178 (1936)). "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Moreover, the "burden of establishing subject matter jurisdiction is on . . . the party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010); *accord Hertz v. Friend*, 559 U.S. 77, 96 (2010); *McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

The Court first considers whether the Complaint makes plausible the existence of federal question jurisdiction. The Complaint allegations focus exclusively on the custody dispute in the Circuit Court for Howard County, Maryland. ECF No. 1. Family law matters are traditionally reserved to state or local courts. *See Moore v. Sims*, 442 U.S. 415, 435 (1979). Accordingly, federal courts do not maintain any power to intervene with regard to matters concerning child custody or visitation. *Ankenbrandt v. Richards*, 504 U.S. 689, 703-05 (1992). Thus, the Complaint does not establish the existence of federal question jurisdiction.

Nor does the Complaint demonstrate the existence of diversity jurisdiction as Garrison and each of the named Defendants are citizens of Maryland.

In sum, the Court lacks jurisdiction to consider Plaintiff's claims to the extent that they are not barred by the doctrines of judicial and quasi-judicial immunity. The federal rules require dismissal anytime there is a determination that there is no jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

the action."). Dismissal is appropriate here, given the lack of federal subject-matter jurisdiction.

A separate Order follows.

Dated this __17__ day of __December__, 2021.

FOR THE COURT:

_/s/ James K. Bredar_
James K. Bredar
Chief Judge
